UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SHIMON ROSENFELD, ESQ.,

    Defendant.

21-CV-3902 (KAM)

---

## FINAL JUDGMENT AS TO DEFENDANT SHIMON ROSENFELD

The Securities and Exchange Commission having filed a Complaint and Defendant Shimon Rosenfeld having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a Judgment, that, *inter alia*, ordered an injunction (docket no. 15 entered Oct. 22, 2021); consented to the entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment (as set forth in his Consent, attached hereto):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,997,525, as a result of conduct alleged in the Complaint. Said disgorgement is deemed satisfied by [*handwritten:* payment of $5,997,525 pursuant to] the orders of restitution and forfeiture entered in *United States v. Rosenfeld*, 21-CR-236 (KAM) (E.D.N.Y.). [*initialed:* KAM]

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for prejudgment interest thereon in the amount of $1,104,353.84. Said prejudgment interest is deemed satisfied by [handwritten: payment of $1,104,358.84 pursuant to] the orders of restitution and forfeiture entered in *United States v. Rosenfeld*, 21-CR-236 (KAM) (E.D.N.Y.).

[handwritten initials: KAM]

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 5, 2022

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

SHIMON ROSENFELD, ESQ.,

                Defendant.

21-CV-3902 (KAM)

**CONSENT OF DEFENDANT SHIMON ROSENFELD**

1.    Defendant Shimon Rosenfeld ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Rosenfeld*, 21-CR-236 (KAM) (E.D.N.Y.) (the "Criminal Proceeding"), Defendant pleaded guilty to one count of wire fraud in violation of Title 18 U.S.C. §§ 1342, 2 and 3551 et seq. In connection with that plea, Defendant admitted that: between 2014 and March 2018, he got five victims to invest money with him by telling them that he would use their money for real estate investments; he instead invested their money in the stock and commodities markets; and by investing the money this way, he knew that what he did was wrong and that he deceived investors.

3.    In the Criminal Proceeding, Defendant was sentenced to a prison term of 6 months followed by 3 years of supervised release and ordered to make restitution in the amount of $6,787,525 and $4 million in forfeiture.

4. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) orders that Defendant is liable for disgorgement in the amount of $5,997,525; further orders that said disgorgement is deemed satisfied by the orders of restitution and forfeiture entered in the Criminal Proceeding;

    (b) orders that Defendant is liable for prejudgment interest thereon in the amount of $1,104,353.84; further orders that said disgorgement is deemed satisfied by the orders of restitution and forfeiture entered in the Criminal Proceeding; and

    (c) does not order Defendant to pay a civil penalty under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], in light of the criminal sanctions in the Criminal Proceeding.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of

the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4/26/2~

_____
Shimon Rosenfeld

On April 26, 2022, Shimon Rosenfeld, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Joseph Katzoff
Notary Public State of New York
Qualified in Kings County No. 24-6013359
Commission Expires September 14, 20__

Approved as to form:

_____
Richard W. Levitt, Esq.
Levitt & Kaizer
40 Fulton Street, 17th Floor
New York, NY 10038
212-480-4000
Attorney for Defendant

5